NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ADAM E. BELSKY, <br><br> Plaintiff, <br><br> v. <br><br> MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE, INC. <br><br> Defendant. | Case No. 5:21-cv-00825 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.** <br> 2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** the Plaintiff, ADAM E. BELSKY ("Plaintiff"), by and through his undersigned counsel complaining of the Defendant, MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the RFDCPA.

1

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Medical Revenue Service conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

6. ADAM A. BELSKY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICES, INC. ("Defendant") maintains its principal place of business at 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

10. At some point, Plaintiff received medical services at a hospital.

11. Said medical services generated a bill.

12. This resulted in a balance owed to the hospital ("subject debt").

13. Plaintiff believed that the subject debt would be paid through his insurance, MediCal.

14. Several years ago, Plaintiff started to receive phone calls from Defendant regarding the

subject debt.

15. At that time, Plaintiff disputed the subject debt with Defendant, stating that the subject debt should have been covered by MediCal.

16. In or around late February to early March 2021, Defendant's collection calls to Plaintiff have escalated.

17. Around this same time, one of Defendant's representatives asked if Plaintiff would rather receive written communication than phone calls, to which Plaintiff replied yes.

18. Unfortunately, Defendant continued to place collection calls to Plaintiff.

19. In total, Plaintiff has received no less than 25 collection calls from Defendant after requesting that the phone calls cease.

20. On several occasions, when Plaintiff has missed calls from Defendant, he has returned the phone call only to be greeted by a representative stating that the name of the business is "Medical Business Office" instead of "Medical Revenue Service."

21. Defendant places collection calls to Plaintiff from numbers including but not limited to: (877) 812-1163 and (877) 521-6773.

22. Concerned with Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## DAMAGES

23. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871, 874 (7th Cir. 2015). This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

24. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships*

LLC, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

25. Concerned with having had his statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

26. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    **a. Violation(s) of 15 U.S.C. §1692c**

29. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

30. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease and to communicate solely in writing..

31. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

    **b. Violations of FDCPA §1692d**

4

32. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §§ 1692d and d(5) when it placed approximately 25 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

35. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

36. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of 15 U.S.C. § 1692e

37. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

38. Section 1692e(14) of the FDCPA prohibits a debt collector from "the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

39. Defendant violated 15 U.S.C. §§ 1692e and e(14) when it used the name "Medical Business Office" in place of the name under which it was collecting the subject debt – namely, "Medical Revenue Service."

**WHEREFORE** Plaintiff, ADAM A. BELSKY, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

40. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

41. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

42. As pled above, Defendant violated 15 U.S.C. §§1692c(a)(1),d, d(5), e, and e(14); therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, ADAM A. BELSKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff costs and reasonable attorney's fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 10, 2021                               Respectfully submitted,

By: */s/ Nicholas M. Wajda*

|    |                                           |
|----|-------------------------------------------|
| 1  | Nicholas M. Wajda                         |
| 2  | WAJDA LAW GROUP, APC                      |
|    | 6167 Bristol Parkway, Suite 200           |
| 3  | Culver City, California 90230             |
|    | Telephone: (310) 997-0471                 |
| 4  | Facsimile: (866) 286-8433                 |
|    | Email: nick@wajdalawgroup.com             |